UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| ANTHONY GENO MARTINSON, *Pro Se*, ) | Case No.: 5:22 CV 697 |
| ) | |
| Plaintiff ) | |
| ) | JUDGE SOLOMON OLIVER, JR. |
| v. ) | |
| ) | |
| JOSEPH RAY FARRAR, II, *et al.*, ) | |
| ) | MEMORANDUM OF OPINION |
| Defendants ) | AND ORDER |

**Background**

*Pro Se* Plaintiff Anthony Geno Martinson has filed an *in forma pauperis* civil complaint in this case against three individuals, Joseph Ray Farrar II, David Bloodworth, and Aniya Peterson (collectively, "Defendants"). (Doc. No. 1.)

In his Complaint, Plaintiff alleges that Defendants were his friends and former house-mates until their relationship changed in 2020, when Defendants allegedly starting hanging out with a guy named "King" and drugs started coming in and out of their house. (*Id*. at 2, ¶ 3.) Plaintiff alleges he did not feel safe in his home and asked Defendants not to bring the people they were hanging out with into the house and to conduct their business elsewhere. He alleges that in response, Defendants stole over $100,000.00 in property from him and threatened to kill him.

Plaintiff alleges police were contacted and a police report was filed, but he was told by the detective who came to speak with him that there was not enough evidence to issue a warrant. He

was advised that it could change if Defendants attempted to sell or pawn the stolen property and that the detective would keep in touch. However, Plaintiff alleges that has not happened.

Plaintiff does not allege a specific legal claim in his Complaint, but asserts he is seeking "injunctive relief, preventing the defendants from contacting" him, as well as a total of $250,000.00 in damages. (*Id*. at ¶ 4.)

Plaintiff's motion to proceed *in forma pauperis* (Doc. No. 2) is granted, but for the reasons stated below, his action must be dismissed.

## Legal Standard and Discussion

Federal courts are courts of limited jurisdiction and have a duty to consider their subject-matter jurisdiction in every case. *Answers in Genesis of Kentucky, Inc. v. Creation Ministries Intern., Ltd.*, 556 F.3d 459, 465 (6th Cir. 2009). Federal subject-matter jurisdiction exists when a claim arising under federal law is presented on the face of a well-pleaded complaint. *See 28 U.S.C. § 1331; Mich. South. R.R. Co. v. Branch &. St. Joseph Counties Rail Users Ass'n, Inc.*, 287 F.3d 568, 573 (6th Cir. 2002). Federal jurisdiction may also be invoked when a plaintiff presents state-law claims between parties of completely diverse citizenship and the amount in controversy exceeds $75,000. *See* 28 U.S.C. § 1332. "If the court determines at any time that it lacks subject-matter jurisdiction, [it] must dismiss the action." Fed. R. Civ. P. 12(h)(3).

Although the Court appreciates Plaintiff's asserted concerns, the Court finds that his complaint must be dismissed because he has not demonstrated a valid basis for an exercise of federal subject-matter jurisdiction. No claim arising under federal law is alleged or discernible on the face of his complaint. The only claims Plaintiff's complaint suggests are claims arising under state law, but he has not demonstrated a valid basis for an exercise of federal diversity jurisdiction over such

claims.  His pleadings do not demonstrate that the parties are of completely diverse citizenship. Rather, his complaint indicates that he and Defendants all reside in Akron, Ohio.  (*See* Doc. No. 1 at 1-2, ¶ 2, "Parties").

## Conclusion

Accordingly, this action is hereby dismissed for lack of subject-matter jurisdiction pursuant to Fed. R. Civ. P. 12(h)(3).  The Court further certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

/S/ SOLOMON OLIVER, JR.
UNITED STATES DISTRICT JUDGE

May 16, 2022